## ABEL HARRIS *vs.* ALEXANDER PORTER.

A contract which by its terms is to continue longer than a year, is within the statute of frauds, and must be proved by writing, although it may possibly be put an end to within the year.

CASE. Pleas, non assumpsit; payment, and act of limitations. This was an action for the violation of a contract in relation to carrying the mail. The defendant had a contract with the postmaster general, to carry the mail from New Castle to Georgetown, from 1st January 1832, to 31st December 1835. The plaintiff took a subcontract to carry it a part of this distance, (from Camden to Milford,) from 1st April 1832, for the residue of Porter's term. On the 1st October 1832, the defendant dismissed Harris, and himself put on stages for the whole route. The agreement between them was merely verbal.

*Bayard,* for the defendant, moved a nonsuit, on the ground of the contract being within the statute of frauds (*Dig.* 88,) which declares that no action shall be brought whereby to charge any person " upon any agreement that is not to be performed within the space of one year from the making thereof," unless the same shall be reduced to writing, &c. 11 *East.* 142; 1 *Barn. and Ald.* 722.

It was answered by the plaintiff's counsel, that the contract between Porter and the postmaster general, reserved to the latter the power to alter the route, and thus put an end to it at any time whatever; it *might* therefore be terminated within the year, and did not *necessarily* reach beyond it. Such a contract does not come within the act which was made to meet agreements, the performance of which was necessarily to be postponed beyond the year. 1 *Comyn on Contracts* 79, &c.; 3 *Burr.* 1278. Contracts depending on a contingency are not within the statute. 10 *Petersdorf.* 106 *B.* 72, *Am. Ed.*; *Rohts. on Frauds* 187-8-9. If the agreement *may* be performed within the year, it is not within the statute. 10 *Johns.* 254-5. And again, the motion is too late. The defendant has allowed the contract to be proved; whereas the objection should have been made to the evidence.

But the *Court* said, that this was a contract which could not possibly be *performed* within one year; by its terms it was to continue *four* years. And though it might be annulled or put an end to by the postmaster general within the year, it still falls within the act as an agreement which, according to its terms, is not to be performed within the space of one year.

Nonsuit ordered.

*Bates, Frame* and *Clayton* for plaintiff.
*J. A. Bayard* for defendant.